UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CONVENTION SERVICES, LLC, <br><br> Defendant. | CASE NO. C22-1519JLR <br><br> MINUTE ORDER |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

Before the court is a purported answer to Plaintiff Northwest Administrators, Inc.'s complaint filed by James Angelino on behalf of Defendant National Convention Services, LLC ("NCS"). (Pro Se Ans. (Dkt. # 10).) Mr. Angelino, the president and owner of NCS, represents that he is appearing *pro se*. (*See id.* at 4.)

MINUTE ORDER - 1

"While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). A corporation or other artificial entity, such as a limited liability company ("LLC"), must be represented by licensed counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *see also* Local Rules W.D. Wash. LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). A business entity that fails to appear in federal court proceedings through counsel may have default and default judgment entered against it. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("When [defendant corporation] failed to . . . [retain counsel], the district court entered default judgment against it; this was perfectly appropriate.").

Because NCS is an LLC, Mr. Angelino cannot represent it in this court. Rather, NCS must obtain counsel if it wishes to defend itself in this litigation. *See* Local Rules W.D. Wash. LCR 83.1 (setting forth the requirements for admission to practice in this court). Accordingly, the court STRIKES the purported answer filed by Mr. Angelino (Dkt. # 10).

Filed and entered this 3rd day of March, 2023.

                        RAVI SUBRAMANIAN
                        Clerk of Court

                        s/ Ashleigh Drecktrah
                        Deputy Clerk

MINUTE ORDER - 3